# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2008

Charles R. Fulbruge III
Clerk

No. 08-40127
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROEL ERNESTO HERNANDEZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
(06-CR-1445)

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roel Ernesto Hernandez, Jr., appeals from the judgment revoking supervised release pursuant to 18 U.S.C. § 3583(g) and sentencing him to 24 months of imprisonment. We affirm.

Section 3583(g) provides for mandatory revocation of supervised release if the defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year." Prior to revocation, Hernandez failed four drug tests and absconded from an inpatient drug abuse treatment program.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nevertheless, he contends that the district court failed to consider alternatives to revocation and incarceration as required by 18 U.S.C. § 3583(d),[1] thereby imposing an unreasonable sentence.

The court considered and rejected Hernandez's arguments for alternatives to imprisonment and concluded that incarceration was appropriate in light of Hernandez's unabated addiction and need for the more intense drug treatment program available in prison. The court was permitted to impose the statutory maximum sentence of 24 months.[2] The court committed no error, plain or otherwise, and Hernandez's sentence is neither unreasonable nor plainly unreasonable.[3] AFFIRMED.

---

[1]Section 3583(d) provides in relevant part: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

[2]See 18 U.S.C. § 3583(e)(3) (" . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than . . . 2 years in prison if [the offense that resulted in the term of supervised release] is a class C or D felony."); U.S. v. Ferguson, 369 F.3d 847, 850-51 (5th Cir. 2004) ("When a defendant violates a condition of his supervised release, a court may choose to (1) impose the maximum sentence of incarceration allowed under § 3583(e)(3); (2) order home detention 'as an alternative to incarceration' under § 3583(e)(4); or (3) order an incarceration term less than the maximum allowable term and reimpose a term of supervised release under § 3583(h).").

[3]See U.S. v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008).